**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN RE: APPLICATION OF**
**DVLP LLC, NVLP LLC, GVLP LLC**
**and RVLP LLC pursuant to 28 U.S.C. §1782**          Case No. 8:10-cv-1272-T-33TBM

**For Judicial Assistance in Obtaining**
**Evidence From Ms. Kasey Pistole Klem**
**For Use In a Foreign Tribunal**
_____/

**O R D E R**

THIS CAUSE is before the court on non-party **Offshore Trust Services, LLC's (OTS's) Emergency Motion to Quash and for a Protective Order** (Doc. 9); Memorandum in Support of Offshore Trust Services Motion to Quash and for a Protective Order (Doc. 10); and Applicants's Opposition to Offshore Trust Services, LLC's Motion (Doc. 12). By its motion and memorandum, OTS seeks an Order quashing a subpoena duces tecum and deposition notice directed to Ms. Kasey Klem,[1] a former employee of OTS, and a protective order prohibiting the Applicants, DVLP LLC, NVLP LLC, GVLP LLC, and RVLP LLC, from conducting *ex parte* discovery. OTS represents that the documents in Ms. Klem's possession should have been returned to OTS or destroyed upon her leaving the employment of OTS, and

---

[1] By Order dated June 28, 2010, this court granted Applicants' Ex Parte Application for Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782. Applicants were authorized to issue and serve a subpoena duces tecum on Ms. Kasey Pistole Klem commanding her appearance at deposition. Service of the subpoena and the conduct of the deposition is to be done in accordance with the procedures set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. According to OTS, the document production and deposition of Ms. Klem is currently scheduled for Saturday, September 25, 2010.

she is not authorized to produce these documents, nor does she have the authority to waive any privileges and/or confidentiality associated with the documents. Further, movant urges that many of the documents in her possession involve private client information of persons and entities in no way connected with the Anguillan litigation, or any of the related cases.

In support of its motion to quash, OTS argues that it was entitled to notice of the Applicants' discovery efforts, and that the application, made pursuant to 28 U.S.C. § 1782, was made in violation of Anguillan law and the prerequisite under § 1782 that the discovery be "of assistance" to the foreign tribunal. As to the notice issue, OTS submits that the deposition was required to be noticed and taken in accordance with the Federal Rules of Civil Procedure. Specifically, the Federal Rules mandate that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." Fed. R. Civ. P. 30(b)(1). In anticipation of Applicants' response that movant is not a party to the Anguillan proceedings, OTS urges that the subject matter of the Anguillan litigation and other litigation wherein the Vento family has filed suit against OTS is related and the information sought is relevant to these other cases, and thus OTS is clearly an "adverse" party.[2] Moreover, OTS urges that as the rightful owner of the documents, it is obligated to assert its privilege and protect the confidentiality of its clients. (Doc. 10 at 4-9).

---

[2]OTS cites *In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 31 (S.D.N.Y. 1991), for the proposition that a sufficiently identified adverse party should have been given notice of depositions even if that person was technically not yet a party to the proceeding.

On its second argument, OTS urges that Anguillan law does not permit the use of an *ex parte* deposition of a non-party for any purpose unless ordered by the Anguillan Court.[3] According to OTS, Anguillan law permits the depositions of persons outside its jurisdiction only where the person to be examined is a party.  Additionally, Applicants never requested nor even consulted the Anguillan tribunal regarding the proposed Klem deposition.  Thus, it follows that her deposition would be inadmissible in the Anguillan proceedings and therefore fails to provide the "assistance" to the foreign tribunal as contemplated by 28 U.S.C. § 1782. (Doc. 10 at 9-11).

In response, DVLP LLC, NVLP LLC, GVLP LLC and RVLP LLC (collectively "Applicants") reject OTS's notice argument, stating that OTS is not entitled to notice under the Federal Rules of Civil Procedure, the Local Rules, or the Order of this court.  Applicants issued their subpoena duces tecum in accordance with the rules and anticipate taking the deposition in accordance with the rules.  Specifically, Rules 45 and 30(b)(1) contemplate notice to any "party."  OTS is admittedly not a party to this action or to the Anguillan action upon which the § 1782 application is based.  Notice to an "interested" party or "adverse" party is not required.[4]  In any event, Applicants submit that movant's notice argument must fail as OTS did have notice of the deposition as evidenced by actions taken by OTS's officer, Mr. Duane Crithfield, in related proceedings in the Virgin Islands.  (Doc. 12 at 6-9).

---

[3]OTS submits copies of the affidavits of Jean Dyer, Esquire, filed in the related United States Virgin Islands' proceedings, in support.  (Docs. 10-3, 10-4).

[4]In support, Applicants cite *In re Request from the Czech Republic*, No. 3:08-mc-001-J-33TEM, 2008 WL 179263, at *3 (M.D. Fla. Jan. 17, 2008), for the proposition that a § 1782 application may be granted "without notice to the target or defendant in the foreign criminal proceedings."

3

Additionally, Applicants argue that OTS wholly failed to carry its burden of establishing that the documents are confidential or privileged. Specifically, OTS fails to set forth with specificity that the information sought is confidential and that its disclosure might be harmful[5] and likewise fails to identify the privileged matters which are the subject of the motion or include any type of privilege log establishing that a privilege applies. Further, Applicants urge that any claims of confidentiality and privilege by OTS have been waived since it failed to adequately protect its information by requiring its former employee, Ms. Klem, to surrender documents obtained during the course of her employment.[6] Apparently Ms. Klem has been in possession of these documents for some time, and OTS has made no showing it has taken steps to protect the purported confidential information. In any event, no privilege would apply here where the discovery sought is based on fraudulent conduct, theft, and kickbacks. (Doc. 12 at 10-14).

Applicants also dispute that the Klem deposition is inappropriate because not permitted under Anguillan law and procedure. By Applicants' argument, the *Intel*[7] case squarely addressed this issue concluding that § 1782(a) does not contain a threshold requirement that evidence sought from a federal district court be discoverable under the law governing the foreign proceeding. 542 U.S. at 247. Applicants challenge the statements made by Jean Dyer, Esquire, that the Klem deposition would not be admissible in the Anguillan

---

[5] Applicants cite *Composition Roofers Union Local 30 Welfare Trust Fund, et al., v. Graveley Roofing Enterprises, Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995).

[6] In support, Applicants cite *Bowles v. National Association of Home Builders*, 224 F.R.D. 246, 257-57 (D.D.C. 2004).

[7] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

proceedings, and submit their own affidavit of Harry Wiggins, Esquire, who attests "there is no provision whatsoever that prevents or limits a party's ability to obtain discovery in other jurisdictions, so long as such discovery is permitted within the jurisdiction in which it is sought."  (Doc. 12-1 at 25).

Lastly, Applicants submit OTS's motion must be denied for failure to comply with Local Rule 3.01(g)'s meet and confer requirement where, as here, OTS has failed to make any effort to confer in compliance with the Local Rules.

In addition to quashing the subpoena, OTS requests the court deny the Application, require Applicants to conduct discovery in compliance with the Federal Rules and Local Rules, require Applicants to give fair and timely notice to OTS and other adverse or affected parties of all depositions and document productions relevant to the various related litigations, and require Applicants to disclose all other instances in which they have requested *ex parte* discovery relevant to the Anguillan and related litigation.

Upon consideration, for all the reasons set forth in Applicants' response, the emergency motion to quash and for a protective order (Doc. 9) is **denied**.[8]   OTS is not a party to the proceedings.  Neither the Federal Rules of Civil Procedure nor the local rules of this court required that it be noticed of the deposition.  In any event, it is readily apparent that it has known of the deposition for some time and is in no way prejudiced by the lack of service of a notice.  Further, nothing set forth in the motion requires that the court revisit its Order granting the application under 28 U.S.C. § 1782.  The application for judicial assistance was

---

[8]The court construes the motion as also seeking permission to intervene in these proceedings.  To that extent, it is granted as to this motion.

granted in full conformity with U.S. law and does not appear in any way inconsistent with Anguillan law. Whether such matters as are discovered by the deposition are admissible in the Anguillan court is a matter left to that court and is not controlling on this application. As for OTS's blanket claim of privilege and confidentiality over matters in the custody or control of Ms. Klem, the motion is wholly inadequate to support any form of relief by the court. However, the court is cognizant that § 1782 provides that no person may be compelled to give testimony or produce a document or other thing in violation of a "legally applicable privilege." Ms. Klem has engaged competent counsel to assist her and matters of privilege may be addressed at the deposition on a question-by-question or document-by-document basis. All documents in her possession, custody or control that are subject to the subpoena shall be available for review and questioning at the deposition. To the extent Ms. Klem may claim a legally cognizable privilege from giving testimony or producing any such documents or other matters, the basis of the claim of privilege shall be clearly set forth on the record of the deposition. In the case of documents withheld on the basis of a claim of privilege, counsel for Ms. Klem shall segregate and maintain all such documents for later review by the court if necessary.

**Done and Ordered** at Tampa, Florida, this 23rd day of September 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Douglas J. Titus, Jr., Esquire